By the Court.—Freedman, J.
The sworn petition of the plaintiffs, after giving an outline of the facts constituting the cause of action and of the nature of the defense, and setting forth the different shipments of the cotton, the date of, and the number of bales composing, each shipment, and the marks of the respective lots, showed that before commencing said action the plaintiffs, requested said defendant to furnish them with the numbers and marks of the said cotton received by it, the dates of such receipt of each lot, the numbers and marks of the said cotton transported to said port of Hew York, the dates of the arrival of each lot at said port, the number and marks of the said cotton by it delivered; and the dates and ships to which each lot was delivered; and that said defendant has neglected to comply with such request; and that the-said railway company has books, papers and documents in its possession or under its control containing entries or writing relating to said cotton so received by it, and showing the numbers and marks of the several lots of cotton so shipped, and the days on which each of said lots came into its possession or was delivered to it, and the place or places where the same were so *441 delivered, and of, the time of the arrival of each of said, lots or parts of lots at its said depot or station, and by what routes of travel the same came; and showing also the delivery of the several lots or parts of lots to the several ships or vessels or steamship companies, and the time or times of such deliveries, and the number of said bales delivered, and that such books, papers and documents are generally described and known as freight-books or accounts, freight-lists, waybills, bills of lading and receipts.
These allegations were not denied by the defendant, nor were any papers read in opposition to the application. Upon this uncontroverted state of facts and further allegations showing the materiality of the discovery and plaintiffs’ inability to proceed to trial without it, and that the said books, papers and documents are not in the possession or under the control of the plaintiffs, the court below was fully authorized to grant the order.
To recover, the plaintiffs must establish negligence on the part of the defendant; to establish that it will be necessary for them to introduce evidence to the effect that the defendant held the cotton in its custody, at Jersey City, for more than a reasonable time ; and to determine that it must be shown, among other things, when each lot arrived in Jersey City, and when it was delivered, so far as it has been delivered, on board of the steamer. Upon the trial it will also become material for more than one reason, to identify the particular bales destroyed. Upon these points the plaintiffs showed that the defendant has, in writing, what is presumptively the best attainable evidence, and as the defendant stands in relation to the plaintiffs, no valid reason can be perceived why the latter should not have a discovery.
The purpose for which the plaintiffs seek a discovery is to establish their own case, and as the facts *442 and circumstances disclosed and set forth by them sufficiently demonstrated the existence of the evidence, its materiality, the necessity for a discovery, and the good faith of the application, it was not necessary that the petition, in addition to such facts, should, in express language, have averred that the evidence thus sought to be discovered is “indispensably necessary,” and that the plaintiffs have not the means of establishing the same facts by other available proof. The cases cited by the learned counsel for the defendant, in which such a doctrine was laid down, were cases in which the propriety and necessity of a discovery were drawn in question by opposing affidavits.
The provision added at the time of the settlement of the order that in default of compliance the defendant’s answer should be stricken out, was in exact conformity to the rule.
The order should be affirmed, with costs.
Sedgwick, J., concurred.